# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 16, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| TERRY PEDRI, | * | No. 18-1077V |
| | * | Special Master Sanders |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Leigh Finfer,* Muller Brazil, LLP, Dresher, PA, for Petitioner;
*Sarah C. Duncan*, United States Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On July 24, 2018, Terry Pedri ("Petitioner"), filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2018)[2] alleging "a left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on October 14, 2015." Pet. at 1, ECF No. 1. On April 18, 2023, Petitioner filed a motion for a ruling on the record. (ECF No. 34). On June 27, 2023, the undersigned issued her decision finding petitioner is not entitled to compensation and dismissed the petition. (ECF No. 38).

On October 11, 2023, Petitioner filed a motion for attorneys' fees and costs. ("Fees App.") (ECF No. 42). Petitioner requests total attorneys' fees and costs in the amount of $27,513.20,

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

representing $18,325.70 in attorneys' fees and $9,187.50 in attorneys' costs. Fees App. at 2. Pursuant to General Order No. 9, counsel for Petitioner represents that personal costs were not incurred in pursuit of her claim. *Id.* at 2. Respondent responded to the motion on October 12, 2023, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2 (ECF No. 43). Petitioners did not file a reply thereafter.

This matter is now ripe for consideration.

### I.     Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). In this case, although the petition was eventually dismissed, the undersigned is satisfied that the requirements for good faith and reasonable basis have been met, and Respondent has also indicated the is satisfied they have been met. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

    **a.**     **Hourly Rate**

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

Petitioner requests the following hourly rates for the work of her counsel at Muller Brazil; for Ms. Leigh Finfer, $185.00 per hour for work performed in 2018, $200.0 per hour for work performed in 2019, $225.00 per hour for work performed 2020, $250.00 per hour for work performed in 2021, and $275.00 per hour for work performed in 2022; for Ms. Shealene Mancuso, $233.00 per hour for work performed in 2018, $250.00 per hour for work performed in 2019, and $275.00 per hour for work performed in 2020; and for Mr. Paul Brazil the rate of $317.00 per hour for work performed in 2018. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein.

### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Upon review, the undersigned finds the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, the undersigned does not find any of the billing entries to be unreasonable. Accordingly, Petitioners are entitled to final attorneys' fees in the amount of $18,325.70.

### c. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $9,187.50 in attorneys' costs, comprised of the Court's filing fee and work performed by a medical expert, Dr. Naveed Natanzi. Petitioner has provided adequate documentation of these expenses and they appear reasonable in the undersigned's experience. Accordingly, Petitioner is awarded the full amount of costs sought.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioners' request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioners and their counsel as follows:

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

| | |
|---|---|
| Attorneys' Fees Requested | $18,325.70 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$18,325.70** |
| | |
| Attorneys' Costs Requested | $9,187.50 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$9,187.50** |
| | |
| **Total Attorneys' Fees and Costs** | **$27,513.20** |

**Accordingly, the undersigned awards a lump sum in the amount of $27,513.20, representing reimbursement for Petitioners' attorneys' fees and costs, in the form of a check payable to Petitioner and her counsel, Ms. Leigh Finfer.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Herbrina D. Sanders<br>
Herbrina D. Sanders<br>
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.